IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE WYATT, JR., ET AL., <br> #00333787, <br> PETITIONERS, <br> <br> V. <br> <br> STATE OF TEXAS, ET AL., <br> RESPONDENTS. | § <br> § <br> § <br> § <br> § CIVIL CASE NO. 3:23-CV-1210-S-BK <br> § <br> § <br> § |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Wyatt's pleading, liberally construed as a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be **DISMISSED**.[1]

### I. BACKGROUND

On May 23, 2023, George Wyatt, Joe M. Balencia, Rodolfo King Jones, Jose Gonzalez, and Richard Martinez, Texas state prisoners, filed a joint petition seeking expungement of state criminal records.[2] Doc. 2 at 1, 3. They generally assert that expunction is required under Tex. Code of Crim. Proc. Art. 55.01, et seq., when an individual is pardoned or acquitted. Doc. 2 at 1. The petition lists as Respondents the State of Texas, the United States of America, President Joe

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[2] Another individual signed the joint petition but his name is illegible. Doc. 2 at 3.

Biden, Governor Greg Abbott, and five other individuals. Doc. 2 at 1. It appears that Wyatt mailed the joint petition. Doc. 2 at 4.

With the joint petition, Petitioners enclosed a one-page "petition complaint" that references a purported state class action and Wyatt's Dallas County conviction for robbery, for which he was sentenced to 75 years' imprisonment.[3] Doc. 2 at 2 (citing F81-75285-LS instead of F82-75284-LS); *see also State v. Wyatt*, No. F82-75285 (282d Dist. Ct., Dallas Cnty., Tex. Mar. 26, 1982), *aff'd*, No. 05-82-00411-CR (Tex. App. – Dallas July 13, 1983, pet. ref'd). Petitioners reiterate the request to expunge criminal records and request damages for false imprisonment and unspecified torts. Doc. 2 at 2.

On May 30, 2023, Wyatt mailed three additional pleadings, an affidavit and two petitions for expungement of record. Doc. 5; Doc. 6; Doc. 7. One of the petitions is signed by 12 other individuals. Doc. 6. All three pleadings are difficult to decipher.

Upon review, the Court concludes that (1) Wyatt's construed habeas petition has no merit, (2) the remaining petitioners cannot seek habeas relief jointly, and (3) Wyatt's civil rights claims are not cognizable and barred. Therefore, the petition should be dismissed.[4]

---

[3] Wyatt unsuccessfully challenged his 1982 robbery conviction in multiple state and federal proceedings. *See Wyatt v. Cockrell*, No. 3:02-CV-0366-G (N.D. Tex. Jan. 13, 2003) (dismissing federal petition as untimely); *Wyatt v. Dretke*, No. 3:05-CV-098-N (N.D. Tex. Apr. 28, 2005) (dismissing successive federal petition); *Wyatt v. State of Texas*, No. 3:22-CV-815-L-BN (N.D. Tex. May 18, 2022) (same).

[4] Wyatt's motion to proceed *in forma pauperis* does not include a signed certified inmate trust account statement, Doc. 4, and the other applicants have not paid the $5 filing fee or filed a motion proceed *in forma pauperis*. Because the petition should be summarily dismissed, the Court finds no reason to require compliance with this Court's filing requirements.

## II. ANALYSIS

### A. Wyatt's Construed Habeas Petition Lacks Merit

To the extent that Wyatt challenges his 1982 robbery conviction, his pleadings fail to present a cognizable basis for federal habeas relief. *See* 28 U.S.C. § 2254(a) (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Wyatt was lawfully convicted for robbery in 1982 in Case No. F82-75285. This Court thus lacks jurisdiction to consider his request to expunge that criminal record. And to the extent he seeks to expunge other criminal records, he has not properly identified any other case, much less pled the violation of his constitutional right, nor shown that he has exhausted his state court remedies.

Further, his construed habeas petition should be dismissed without prejudice as a successive petition. *See* 28 U.S.C. § 2244(b) (limiting the circumstances under which a petitioner may file a second or successive application for federal habeas relief). Wyatt challenged his 1982 conviction, as noted, and has not obtained prior authorization to file a successive application from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals has first granted the petitioner permission to file such a petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

### B. Remaining Petitioners Cannot Seek Habeas Relief Jointly

"There is no authority for permitting multiple petitioners to file one single petition for habeas corpus relief." *Yancey v. Corbett*, No. 07-cv-1251, 2007 WL 1149884, at *1 (E.D. Pa. Apr. 12, 2007). As previously stated, the remaining Petitioners have identified no criminal

records that seek to have expunged, much less pled the violation of any constitutional right, or demonstrated that they exhausted their state court remedies. Therefore, the claims of the remaining Petitioners should be dismissed without prejudice to refiling (separately), because they fail to present a cognizable claim for relief.

### C. Wyatt's Claims for Monetary Damages are not Cognizable and are Barred

Wyatt also requests compensatory damages for vague claims premised on false imprisonment and other unspecified torts. Doc. 2 at 2. However, those claims are not cognizable in this habeas corpus action. *See* 28 U.S.C. § 2254(a) (providing for federal habeas relief if the petitioner "is in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,'" whereas "[a]n inmate's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983." (quoted case omitted)). *See also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (declining to extend federal habeas jurisprudence to conditions of confinement claims).

Moreover, Wyatt is barred from raising other civil claims by the three-strike provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). That provision precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

The United States District Court for the Southern District of Texas previously found Wyatt was barred from filing civil lawsuits by the PLRA three-strike provision. *See Wyatt v. State*, No. 4:22-CV-0605 (S.D. Tex., Houston Div. Mar. 21, 2022) (collecting cases from the Southern and Northern Districts of Texas and warning Wyatt that "he may face additional sanctions, including increased monetary penalties, if he continues to file frivolous pleadings"). Having accumulated three "strikes," § 1915(g) precludes Wyatt from proceeding *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Even when liberally construed, however, his claims lack any allegation of imminent danger of serious physical injury. Doc. 2 at 2.

Thus, Wyatt's civil rights claims should be severed and filed in a separate civil action and dismissed as barred by three strikes *See Nubine v. Thaler,* 2010 WL 3681033, at *1-2 (5th Cir. 2010) (separating civil rights claims raised in a habeas case (citing *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998)).

### III. SANCTION WARNING

Given Wyatt's abusive filing history and the frivolous nature of the filings in this case, he should be warned that if he persists in filing further habeas petitions or documents not in the proper form or that are vague, indecipherable, frivolous, or vexatious, the Court may impose monetary sanctions or bar him from bringing any further habeas action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b)

justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### IV. CONCLUSION

For all these reasons, Wyatt's construed petition for writ of habeas corpus should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as it does not present a cognizable basis for federal habeas relief and, if he challenges his underlying conviction, it is a successive petition and he has not obtained authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

Further, Wyatt's civil rights claims should be **SEVERED** from this action and **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). The dismissal of the civil rights claims is with prejudice to Wyatt refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

Lastly, Wyatt should be **WARNED** that if he persists in filing further habeas petitions or documents not in the proper form or that are vague, indecipherable, frivolous, or vexatious, the

Court may impose monetary sanctions or bar him from bringing any further action in this Court.

**SO RECOMMENDED** on July 18, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).